**The relief described hereinbelow is SO ORDERED.**

**Signed April 21, 2020.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GABRIEL INVESTMENT GROUP, INC., ET AL., | § | BANKRUPTCY NO. 19-52298-RBK |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

**ORDER ON APPLICATION TO EMPLOY WILLIAM R. PATTERSON OF
HMP ADVISORY HOLDINGS, LLC, dba HARNEY PARTNERS,
AS THE CHIEF RESTRUCTURING OFFICER TO DEBTORS**

Came on for consideration the *Application to Employ William R. Patterson of HMP Advisory Holdings, LLC, dba Harney Partners, as the Chief Restructuring Officer to Debtors* (the "**Application**").[1] Based on the representations made in the Application and in the supporting *Declaration of William R. Patterson in Support of Application to Employ HMP Advisory Holdings, LLC, dba Harney Partners, as the Chief Restructuring Officer to Debtors* (the "**Patterson Declaration**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application

---

[1] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

{00459373}

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of William R. Patterson of HMP Advisory Holdings, LLC, dba Harney Partners (the "**Firm**"), as the Chief Restructuring Officer ("**CRO**") is in the best interest of the Debtors, their estates and the creditors; (iv) the Firm holds no interest adverse to the Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) all objections to the Application have been resolved by this Order or are overruled in their entirety; (vii) the Firm is qualified to be employed as an accountant to Debtors in these Cases pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that the Application is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to section 327(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to employ William R. Patterson as CRO, effective as of April 1, 2020, in accordance with and the terms described in the Application, the engagement letter and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 327, 330 and 331, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**IT IS FURTHER ORDERED** that, notwithstanding anything to the contrary herein, any use of cash collateral to fund payments made to the CRO shall be made only pursuant to the cash collateral budget approved by the Court or as otherwise provided by subsequent Court orders or a confirmed plan.

**IT IS FURTHER ORDERED** that:

a) The Firm shall not act in any other capacity (for example, and without limitation, as financial advisor to the Debtors, as a claims agent/claims administrator or investor/acquirer) in connection with the above-captioned cases without further order of the Court.

b) In the event the Debtors seek to have personnel of the Firm assume executive officer positions that are different than the position disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c) The Firm shall file with the Court with copies to the United States Trustee ("U.S. Trustee"), PNC Bank and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed. The Firm's invoices submitted

pursuant to the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (Docket No. 105) will constitute compliance with this reporting obligation.

d) No principal, employee or independent contractor of the Firm and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

e) The Firm shall file with the Court, and provide notice to the U.S. Trustee, all official committees, and PNC Bank, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. The Firm's invoices submitted pursuant to the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (Docket No. 105) will constitute compliance with this reporting obligation.

f) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

g) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

h) There shall be no indemnification of the Firm.

i) For a period of three years after the conclusion of the engagement, the Firm shall not make any investments in the Debtors or the Reorganized Debtors.

j) The Firm shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

**IT IS FURTHER ORDERED** that to the extent Debtors seek to terminate the Firm's employment, Debtors' will provide not less than twenty-one (21) days' advance written notice of such termination to the Firm, PNC Bank, the Official Committee of Unsecured Creditors and the United States Trustee.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

Submitted by:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Thomas Rice
Texas State Bar No. 24025613
trice@pulmanlaw.com
Amber L. Fly
Texas State Bar No. 24101761
afly@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR DEBTORS**